IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:05cr25

RAYBURN WOMACK

## MEMORANDUM OPINION

On May 23, 2005, Rayburn Womack pleaded guilty to a two-count indictment which charged him with conspiracy to possess with intent to distribute and distribute fifty (50) grams or more of cocaine base (Count One) and conspiracy to possess with intent to distribute and distribute five (5) kilograms or more of cocaine base (Count Two). On August 18, 2005, the Court sentenced Womack to the statutory minimum sentence of 120 months of imprisonment. On February 28, 2008, the Court received a motion from Womack seeking relief under 18 U.S.C. § 3582(c)(2). By Order entered on August 22, 2008, the Court denied that motion because Womack's sentence was based on the mandatory minimum sentence required by statute, and not the United States Sentencing Guidelines. The matter is before the Court on another motion by Womack seeking to vacate his sentence under 18 U.S.C. § 3582(c)(2).[1]

### I. Analysis of Womack's 18 U.S.C. § 3582(c)(2) Motion

Title 18 Section 3582(c)(2) authorizes a district court to reduce the sentence imposed on "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.

---

[1] Womack titles his motion "PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 3582." No such section exists in the United States Code. The Court presumes Womack sought to invoke this Court's jurisdiction under 18 U.S.C. § 3582(c). If Womack wishes to invoke this Court's jurisdiction under 28 U.S.C. § 2255, he must follow the instructions set forth below, *infra* Part II.

§ 994(o), . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement is U.S. Sentencing Guidelines ("USSG") § 1B1.10, which permits a sentence reduction only when an amendment listed in subsection (c) lowers the defendant's guideline range, but not otherwise. The commentary to § 1B1.10, however, continues:

> Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments . . . is applicable to the defendant; or (ii) an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment).

USSG § 1B1.10, comment n.1(A).

In this case, Womack's sentence derived from the statutorily mandated minimum sentence of 120 months under 21 U.S.C. § 841(b)(1)(A). Womack fails to identify any amendment to the Sentencing Guidelines that would authorize relief under 18 U.S.C. § 3582(c)(2). *See United States v. Hood*, 556 F.3d 226, 228 (4th Cir. 2009) (affirming the district court's order concluding it did not have jurisdiction to reduce the defendants' sentences because the sentences were based on a statutory mandatory minimum, not the drug guidelines); *see also United States v. Surratt*, No. 10–2303, 2011 WL 5925306, at *1 (3d Cir. Nov. 29, 2011) ("A defendant is not eligible for a reduction under § 3582(c)(2) if another statute or provision, such as a statutory mandatory minimum, controls the defendant's sentence." (*citing United States v. Doe*, 564 F.3d 305, 312 (3d Cir. 2009))). Accordingly, Womack's motion for relief under 18 U.S.C. § 3582(c)(2) will be denied.

## II. Relief under 28 U.S.C. § 2255

In his submissions, Womack suggests that his sentence violates the Constitution. Title 18 Section 3582(c) does not authorize constitutional challenges to the imposition of a sentence. If Womack wishes to invoke this Court's jurisdiction under 28 U.S.C. § 2255, he must do so unequivocally and in accordance with the rules governing such actions. *Cf. United States v. Blackstock*, 513 F.3d 128, 131 (4th Cir. 2008) (explaining that the district court must advise inmates of the consequences of filing a § 2255 motion prior to converting a mislabeled postconviction motion into a motion pursuant to § 2255). Any motion under 28 U.S.C. § 2255 must conform to the form prescribed by the rules governing such motions and be sworn to under penalty of perjury. *See* Rule 2(b), Rules Governing § 2255 Proceedings. The Court will process a request for relief under 28 U.S.C. § 2255 upon receipt from Womack of the properly completed forms seeking such relief. The Clerk will be directed to send the appropriate forms to Womack.

An appropriate Order will accompany this Memorandum Opinion.

Date: 3/27/12
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge